UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-60366

BRENDA MCALLISTER,

    Plaintiff,

v.

SUPERIOR CAPITAL, LLC,

    Defendant.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, BRENDA MCALLISTER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SUPERIOR CAPITAL, LLC, is a corporation organized under the laws of the State of New York and is a citizen of that state with its principal place of business at 2957 Norstrand Ave., Brooklyn, NY 11229.

5. Defendant is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Alec Miller, 4101 Pinetree Dr., Suite 702, Miami Beach, Florida 33140.

6. The address for the registered agent is a residential unit that is rented out. The registered agent is not located there.

7. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged deficiency balance on an automobile loan.

11. On or about January 6, 2017, Superior filed a state court action against McAllister for an alleged automobile deficiency of $4164.42 plus court costs.

12. The alleged debt was not based upon an agreement which was executed by McAllister in Miami-Dade County, Florida.

13. Plaintiff does not and has not resided in Miami-Dade County, Florida.

14. Plaintiff has incurred legal fees in defending the state court action.

15. Plaintiff believes that Defendant filed the state court action in an inconvenient and impermissible county as a ploy to cause Plaintiff undue hardship by forcing Plaintiff to travel to another county and thereby coerce Plaintiff into satisfying a disputed debt.

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY IN VIOLATION OF 15 U.S.C §1692i(2)

16. Plaintiff incorporates Paragraphs 1 through 15.

17. Defendant violated the Fair Debt Collection Practices Act (FDCPA) by filing a state court action in a county in which Plaintiff neither resided in nor signed an agreement upon which the alleged date is based. As such, Defendant has violated 15 U.S.C. §1692i(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA;

    b. Actual damages, including attorney's fees incurred during the state court action;

    c. Statutory damages pursuant to 15 U.S.C. §1692k;

  d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

  e. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Rescue Clinic
> Attorney for Plaintiff
> 9990 S.W. 77 Ave., PH14
> Miami, FL 33156
> Tel: 305-776-1805
> service@debtrescueclinic.com
> service@jdllawpa.com
>
>
>  /s/ Joel D. Lucoff
> Joel D. Lucoff
> Fla. Bar No. 192163